UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JARED POWERS, et al.,

        Plaintiffs,

   v.

DOES 1-50,

        Defendants.

No. 2:13-cv-1701 JAM CKD

ORDER

    Presently before the court is plaintiffs' ex parte application for leave to take expedited discovery. Opposition has been filed by Cheaterville, Inc. and supplemental briefing has been submitted by plaintiff. Having reviewed the papers in support of the application and the opposition, the court concludes limited expedited discovery is appropriate.

    In this action, plaintiffs allege claims for copyright infringement, violation of the Lanham Act, defamation, libel, and related state law claims arising out of a posting on the Cheaterville website. Rule 26(d) of the Federal Rules of Civil Procedure provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d). Courts apply a "good cause" standard in considering motions to expedite discovery. Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). In determining whether good cause has been shown for attempting to learn the identity of a Doe defendant through early

discovery, courts consider whether the Doe defendant has been sufficiently identified as a real person who can be sued in federal court, whether steps have been taken by plaintiff to locate and identify the defendant, whether the action can withstand a motion to dismiss, and whether the discovery is likely to lead to identifying information that will permit service of process. Columbia Ins. v. seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).  With respect to the entity identified by pseudonym[1] as the author of the posting underlying this action, the court finds that the above factors have been met.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's ex parte application for leave to take expedited discovery (ECF No. 5) is granted in part;

2. Plaintiff may immediately serve a Rule 45 subpoena on Cheaterville, Inc. to obtain the following information about the author with pseudonym "nowyouknow" as set forth in the internet post (Exhibit A to the complaint, ECF No. 2): *name, address, telephone number, e-mail address and Media Access Control address*.  The subpoena shall have a copy of this order attached.

3. Cheaterville, Inc. shall serve a copy of the subpoena and a copy of this order upon the author within thirty days from the date of service upon Cheaterville, Inc.  The author may be served using any reasonable means, including written notice sent to the author's last known address, transmitted either by first-class mail or via overnight service, or by e-mail notice.

4. The author and Cheaterville, Inc. shall each have thirty days from the respective dates of service upon them to file any motions contesting the subpoena (including a motion to quash or modify the subpoena).  If that period elapses without the filing of a contesting motion,

---

[1] Plaintiff has identified "nowyouknow" as the pseudonym used on the Cheaterville website associated with the allegedly infringing and defamatory post and this pseudonym appears on the exhibit submitted with the complaint.  The court will allow limited discovery as to the identifying information associated with this pseudonym.  Plaintiff has also identified "PABornstein@aol.com" as being associated with the defamatory posts.  Plaintiff submits no evidence in support of this identification and has not explained the process by which this e-mail address was obtained.  The court accordingly declines to allow expedited discovery at this time with respect to the identified e-mail address.  The other open-ended discovery plaintiff seeks does not appear to be warranted at this time.

Cheaterville, Inc. shall have ten days thereafter to produce the information responsive to the subpoena to plaintiff.

    5.  Cheaterville, Inc. shall preserve any subpoenaed information pending the production of the information to plaintiff and/or the resolution of any timely-filed motion contesting the subpoena.

    6.  If Cheaterville, Inc. receives a subpoena pursuant to this order, it shall confer with plaintiff before assessing any charge in advance of providing the information requested in the subpoena. If Cheaterville, Inc. elects to charge for the costs of production, it shall provide plaintiff with a billing summary and cost reports.

    7.  Any information disclosed to plaintiff in response to a Rule 45 subpoena may not be used for any improper purpose and may only be used for protecting plaintiff's rights as set forth in the Complaint.

Dated: September 13, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 powers1701.exp.disc